THIS ORDER IS A
PRECEDENT OF THE
TTAB

UNITED STATES PATENT AND TRADEMARK OFFICE
**Trademark Trial and Appeal Board**
**P.O. Box 1451**
**Alexandria, VA  22313-1451**
General Contact Number: 571-272-8500
General Email: TTABInfo@uspto.gov

KGC/wbc

December 6, 2021

Opposition No. 91250710

*Monster Energy Company*

*v.*

*Tom & Martha LLC*

**Before Kuhlke, Shaw, and Pologeorgis,**
**Administrative Trademark Judges.**

**By the Board:**

This proceeding comes before us on motions by Monster Energy Company ("Opposer") (1) for leave to file a second amended notice of opposition to add the claim of no bona fide intent to use,[1] (2) to suspend proceedings pending disposition of the motion to amend,[2] and (3) for partial summary judgment on its proposed added claim of no bona fide intent to use.[3]

---

[1] 17 TTABVUE. Citations to the record and briefs in this order are to the publicly available documents on TTABVUE, the Board's electronic docketing system. The number preceding "TTABVUE" corresponds to the docket entry number; the number(s) following "TTABVUE" refer to the page number(s) of that particular docket entry.

[2] 19 TTABVUE.

[3] 20 TTABVUE.

Opposer's motion for partial summary judgment is fully briefed. Its motions for leave to file a second amended notice of opposition and to suspend proceedings pending disposition of the motion to amend are unopposed.

## I.    Motion to Amend

By its initial and first amended notices of opposition, Opposer opposed registration on the Principal Register of the standard character mark LOCH MOOSE MONSTAH to Tom & Martha LLC ("Applicant") on the sole ground of likelihood of confusion under Trademark Act Section 2(d), 15 U.S.C. § 1052(d), with Opposer's previously used and registered marks.[4] Opposer now seeks to amend its notice of opposition under Fed. R. Civ. P. 15(a)(2) to add a claim that Applicant lacked the requisite bona fide intent to use its mark in commerce on all of the identified goods and services as of the filing date of the application.

The unopposed motion is **granted** as conceded. *See* Trademark Rule 2.127(a), 37 C.F.R. § 2.127(a). Thus, Opposer's second amended notice of opposition is now Opposer's operative pleading.[5]

## II.    Motion to Suspend

Pursuant to Trademark Rule 2.127(d), 37 C.F.R. § 2.127(d), proceedings are deemed suspended as of the filing of the motion for partial summary judgment.

---

[4] 1, 13 TTABVUE.

[5] Applicant asserts in its brief in opposition to the motion for partial summary judgment that "[s]hould the [B]oard allow the amended complaint Applicant could, for example, offer evidence or defenses to counter that additional allegation," and "could also, for example, move to amend the Application to eliminate certain goods." 21 TTABVUE 6. Applicant is allowed time to file its answer, including any affirmative defenses, later in this order.

Furthermore, we reset dates below in connection with adjudication of the motion for partial summary judgment. Accordingly, Opposer's motion to suspend proceedings pending disposition of its motion to amend is **moot**.

### III. Motion for Partial Summary Judgment

#### a. Pertinent Background

On April 3, 2018, Applicant filed an application seeking registration on the Principal Register of the standard character mark LOCH MOOSE MONSTAH for the following goods and services:

- canvas tote bags; all-purpose sport bags; all-purpose carrying bags; backpacks; wallets; handbags; travel cases; brief cases; key cases; business card cases in International Class 18;

- cups; mugs; containers for household use; beverageware in International Class 21;

- headwear; shirts, t-shirts; sweat shirts; hooded sweat shirts; sweat bands; sweat suits; sweat jackets; socks; shorts; tank tops; tube tops; halter tops; footwear; jackets; coats, gloves; belts in International Class 25; and

- online retail store services featuring bags, wallets, beverageware, and clothes; online wholesale store services featuring bags, wallets, beverageware, and clothes in International Class 35.

Application Serial No. 87860965 was filed under Trademark Act Section 1(b), 15 U.S.C. § 1051(b), based on Applicant's asserted bona fide intent to use the mark for the identified goods and services.

As is clear from the foregoing, the amended opposition asserts two grounds – lack of bona fide intent to use the mark in commerce pursuant to Trademark Act Section

1(b);[6] and likelihood of confusion under Trademark Act Section 2(d)[7] based on Opposer's prior use and registration of twenty-eight MONSTER-formative marks for a variety of goods and services.[8]

In its answer to the first amended notice of opposition, Applicant denied the salient allegations therein and asserted a number of affirmative defenses.[9] For the purpose of Opposer's motion for partial summary judgment, the salient allegations in Opposer's second amended notice of opposition are deemed denied by Applicant. *See, e.g.*, *Hollywood Casino LLC v. Chateau Celeste, Inc.*, 116 USPQ2d 1988, 1992 (TTAB 2015); *Am. Express Mktg. & Dev. Corp. v. Gilad Dev. Corp.*, 94 USPQ2d 1294, 1296 (TTAB 2010).

### b. Summary Judgment Standard

Summary judgment is an appropriate method of disposing of cases in which there are no genuine disputes as to any material facts and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In reviewing a motion for summary judgment, the evidentiary record must be viewed in the light most favorable to the non-moving party, and all justifiable inferences to be drawn from the undisputed facts must be drawn in favor of the non-moving party. *See Mayer/Berkshire Corp. v. Berkshire Fashions, Inc.*, 424 F.3d 1229, 76 USPQ2d 1310, 1314 (Fed. Cir. 2005); *Lloyd's Food Prods., Inc. v. Eli's, Inc.*, 987 F.2d 766, 25 USPQ2d 2027, 2029 (Fed. Cir.

---

[6] 17 TTABVUE 29-30.

[7] *Id.* at 29.

[8] *Id.* at 17-28.

[9] 16 TTABVUE.

1993); *Olde Tyme Foods, Inc. v. Roundy's, Inc.*, 961 F.2d 200, 22 USPQ2d 1542, 1544 (Fed. Cir. 1992). We may not resolve disputes of material fact; we may only ascertain whether a genuine dispute regarding a material fact exists. *See Lloyd's Food Prods.*, 25 USPQ2d at 2029; *Olde Tyme Foods*, 22 USPQ2d at 1544.

The party moving for summary judgment has the burden of demonstrating that the material facts are not genuinely in dispute by:

1. citing to the record, including affidavits or declarations, admissions, or interrogatory answers, and showing the cited materials do not establish a genuine dispute; or,

2. showing that the non-moving party cannot produce admissible evidence sufficient to create a genuine dispute.

Fed. R. Civ. P. 56(c)(1). If the moving party carries this part of its burden, the nonmoving party may not rest on mere allegations, but must designate specific portions of the record or produce additional evidence showing the existence of a genuine dispute of material fact for trial. *See, e.g.*, *id.*; *Venture Out Props. LLC v. Wynn Resort Holdings, LLC*, 81 USPQ2d 1887, 1890 (TTAB 2007). The moving party also has the burden of showing that it is entitled to judgment as a matter of law based on the established, undisputed facts. *See generally Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986).

### c. Entitlement to a Statutory Cause of Action[10]

Entitlement to a statutory cause of action must be established in every inter partes case. *See Australian Therapeutic Supplies Pty. Ltd. v. Naked TM, LLC*, 965 F.3d 1370, 2020 USPQ2d 10837, at *3 (Fed. Cir. 2020), *cert. denied*, __ S. Ct. __ (2021) (citing *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 109 USPQ2d 2061, 2067 n.4 (2014)). In Board opposition proceedings, to sufficiently plead entitlement under Section 13 of the Trademark Act, the plaintiff must allege that opposing the application is within the zone of interests protected by the statute and that the plaintiff has a reasonable belief of damage proximately caused by registration of the mark. *See Peterson v. Awshucks SC, LLC*, 2020 USPQ2d 11526, at *5 (TTAB 2020); *see also Corcamore, LLC v. SFM, LLC*, 978 F.3d 1298, 2020 USPQ2d 11277, at *6-7 (Fed. Cir. 2020), *cert denied*, ___ S. Ct. ___ (2021); *Australian Therapeutic*, 2020 USPQ2d 10837, at *3; *Empresa Cubana Del Tabaco v. Gen. Cigar Co.*, 753 F.3d 1270, 111 USPQ2d 1058, 1062 (Fed. Cir. 2014); *Coach Servs., Inc. v. Triumph Learning LLC*, 668 F.3d 1356, 101 USPQ2d 1713, 1727 (Fed. Cir. 2012); *Ritchie v. Simpson*, 170 F.3d 1092, 50 USPQ2d 1023, 1025 (Fed. Cir. 1999).

To establish its entitlement to a statutory cause of action, pursuant to Trademark Rule 2.122(d)(1), 37 C.F.R. § 2.122(d)(1), Opposer has included with its initial and

---

[10] Board decisions have previously analyzed the requirements of Sections 13 and 14 of the Trademark Act, 15 U.S.C. §§ 1063-64, under the rubric of "standing." Despite the change in nomenclature, our prior decisions and those of the Federal Circuit interpreting Sections 13 and 14 remain applicable. *See Spanishtown Enters., Inc. v. Transcend Res., Inc.*, 2020 USPQ2d 11388, at *2 (TTAB 2020); TRADEMARK TRIAL AND APPEAL BOARD MANUAL OF PROCEDURE (TBMP) § 309.03(b) (2021).

amended pleadings copies of its pleaded registrations showing the current status thereof and title thereto.[11] *See* TBMP § 704.05(a). Opposer asserts that Applicant's mark for the identified goods and services is likely to be confused with Opposer's MONSTER-formative marks used and registered for its goods and services. Opposer has shown that there is no genuine dispute of material fact that its interest in opposing registration of Applicant's mark is within the zone of interests protected by statute and that it has a reasonable belief that damage will be proximately caused by registration of Applicant's mark. *Cunningham v. Laser Golf Corp.*, 222 F.3d 943, 55 USPQ2d 1842, 1844 (Fed. Cir. 2000); *Awshucks SC, LLC*, 2020 USPQ2d 11526, at *5; *SmithKline Beecham Corp. v. Omnisource DDS, LLC*, 97 USPQ2d 1300, 1301 (TTAB 2010). Once Opposer demonstrated its entitlement to a statutory cause of action on one ground (here, Trademark Act Section 2(d)), it has the right to assert any other legally sufficient grounds in this opposition proceeding. *See Int'l Dairy Foods Ass'n v. Interprofession du Gruyère and Syndicat Interprofessionnel du Gruyère*, 2020 USPQ2d 10892, at *9 (TTAB 2020) (using "standing" nomenclature); *Corporacion Habanos, S.A. v. Rodriguez*, 99 USPQ2d 1873, 1877 (TTAB 2011) (using "standing" nomenclature).[12]

---

[11] 1 TTABVUE 35-169; 13 TTABVUE 26-165; 17 TTABVUE 32-171.

[12] Opposer must maintain its entitlement to a statutory cause of action throughout the proceeding; however, unless the status of pleaded and proved registrations change, entitlement will not be at issue when the Board decides the merits of Opposer's claims at final hearing.

### d. Lack of Bona Fide Intent to Use Standard

Trademark Act Section 1(b) provides:

> A person who has a bona fide intention, under circumstances showing the good faith of such person, to use a trademark in commerce may request registration of its trademark on the principal register hereby established by paying the prescribed fee and filing in the Patent and Trademark Office an application and a verified statement, in such form as may be prescribed by the Director.

To prevail on its motion for partial summary judgment on its claim of Applicant's lack of bona fide intent to use, Opposer must show that there is no genuine dispute of material fact that Applicant lacked a bona fide intent to use its mark in commerce on or in connection with the goods and services identified in the application as of the application filing date. *SmithKline Beecham Corp.*, 97 USPQ2d at 1304; *Boston Red Sox Baseball Club LP v. Sherman*, 88 USPQ2d 1581, 1587 (TTAB 2008) (citing *Commodore Elecs. Ltd. v. CBM K.K.*, 26 USPQ2d 1503, 1507 (TTAB 1993)). Generally, the factual question of intent is not well-suited for summary judgment. *See Copelands' Enters., Inc. v. CNV, Inc.*, 945 F.2d 1563, 20 USPQ2d 1295, 1299-1300 (Fed. Cir. 1991) (whether the applicant intended to mislead or deceive the public or others in the trade was not properly decided on summary judgment).

If Opposer meets its burden, Applicant may not rest on mere denials but must present evidence that shows issues remain for trial notwithstanding the lack of documentary evidence on the issue of intent to use. *Commodore Elecs.*, 26 USPQ2d at 1507; TBMP § 528.01. Though the evidentiary bar for establishing bona fide intent is not high, more is required than "a mere subjective belief." *M.Z. Berger & Co. v. Swatch AG*, 787 F.3d 1368, 114 USPQ2d 1892, 1898 (Fed. Cir. 2015); *A&H*

*Sportswear Co. v. Yedor*, 2019 USPQ2d 111513, at *3 (TTAB 2019); *Swiss Grill Ltd. v. Wolf Steel Ltd.*, 115 USPQ2d 2001, 2009 (TTAB 2015). The objective evidence must identify a genuine dispute of material fact as to whether Applicant had an intent that is "firm" and "demonstrable." *M.Z. Berger*, 114 USPQ2d at 1898; *Swiss Grill*, 115 USPQ2d at 2009. Ultimately, whether Applicant had a bona fide intent to use is an objective determination based on the totality of the circumstances. *M.Z. Berger*, 114 USPQ2d at 1898; *Swiss Grill*, 115 USPQ2d at 2009; *Lane Ltd. v. Jackson Int'l Trading Co.*, 33 USPQ2d 1351, 1355 (TTAB 1994). Evidence that a party has the capacity to market or manufacture a product can rebut a lack of bona fide intent to use claim. *Wet Seal, Inc. v. FD Mgmt., Inc.*, 82 USPQ2d 1629, 1643 (TTAB 2007).

### e. Nature of Relief Available

Opposer requests that the entire application be found void ab initio because Applicant lacked a bona fide intent to use its mark on all goods and services in each class identified in the application. Opposer contends, "[i]f an applicant does not have bona fide intent to use the applied for mark in connection with at least one of the applied for goods and services in a particular class, then the application is void as to all goods and services included in the class."[13] Opposer also argues, "[t]here is no genuine dispute that Applicant has not used, and had no intent to use, Applicant's mark in connection with most of the goods and services included in each class listed in the Application. Accordingly, Opposer contends that it is entitled to summary judgment on its lack of bona fide intent to use in commerce claim as to all goods and

---

[13] 20 TTABVUE 7.

services in each class listed in the Application."[14] In requesting such relief, Opposer relies on the decision in *Spirits Int'l, B.V. v. S.S. Taris Zeytin Ve Zeytinyagi Tarim Satis Kooperatifleri Birligi*, 99 USPQ2d 1545 (TTAB 2011).

In *Spirits*, the opposer challenged an application for alcoholic and non-alcoholic beverages based on alleged lack of a bona fide intent to use and likelihood of confusion. *Id.* at 1546-47. "Although the notice of opposition refer[red] specifically to … applicant's lack of bona fide intention to use its mark for alcoholic beverages, the opposition was brought against all the goods in Classes 32 and 33." *Id.* at 1547 n.3. Finding the opposer's evidence to be "sufficient … to satisfy [the] initial burden of proving that applicant did not … have an intention to use its applied-for mark on or in connection with alcoholic beverages, which include[d] some of the goods identified in both of the opposed classes in applicant's application," the burden shifted to the applicant, who "supplied no documentary evidence regarding its intent to use its mark on any alcoholic beverages, and [who had] affirmatively stated that no such documents exist[ed]." *Id.* at 1549. Consequently, the applicant was found to have failed to rebut the opposer's evidence and, therefore, the opposition was sustained as to the whole application. *Id.* Importantly, the Board's decision noted that:

> [I]f applicant believed that opposer's objection to registration of the mark was limited to the alcoholic beverages listed in the identification of each class, it could have availed itself of the divisional procedure, … or … applicant could have moved to delete alcoholic beverages from its identification if applicant did not have a bona fide intention to use its mark in commerce with respect to such goods, but did with respect to the non-alcoholic beverages. Although all of the

---

[14] *Id.* at 10.

goods in Class 33 are alcoholic beverages, applicant's identified goods in Class 32 include both alcoholic beverages and non-alcoholic items.

*Id.* at 1547 n.3.

Contrary to Opposer's arguments, *Spirits* does not stand for the proposition that when a party is found to lack a bona fide intent to use its mark on some, but not all, of the goods or services in an application, the entire application, or relevant classes in the application, must fall.[15] Rather, *Spirits* dictates such a result only if the party fails to proffer any evidence whatsoever to rebut a showing of a lack of intent. Such an approach not only results in a straightforward application of the burden-shifting framework discussed herein, but is also supported by precedent.

For example, in *Wet Seal*, 82 USPQ2d at 1633, the Board explained that "an application will not be deemed void for lack of bona fide intention to use absent … proof of a lack of bona fide intention to use the mark on all the goods identified in the application, not just some of them."[16] Similarly, in *Syndicat Des Proprietaires Viticulteurs De Chateauneuf-Du-Pape v. Pasquier DesVignes*, 107 USPQ2d 1930, 1943 (TTAB 2013), the Board explained that in an opposition involving a claim of lack of bona fide intent to use, amending the identification is permissible "to reflect those goods with which [the party] has a bona fide intent to use the mark." *See also Kelly*

---

[15] While many applications involve only goods or services in a single class, others, such as this application, involve multiple classes. With multiple class applications, the Board treats each class as a single class application, and the claims and evidence are considered as they bear on each class, separately. *See G&W Labs., Inc. v. G W Pharma Ltd.*, 89 USPQ2d 1571, 1574 (TTAB 2009).

[16] Although *Wet Seal* precedes *Spirits*, any implication that *Spirits* somehow overruled or departed from *Wet Seal* is unfounded. *See* 20 TTABVUE 7 n.4.

*Servs. v. Creative Harbor, LLC*, 846 F.3d 857, 121 USPQ2d 1357 (6th Cir. 2017) (offering a thorough discussion of *Spirits* and related Board precedent on the issue of bona fide intent to use). Finally, in *Grand Canyon W. Ranch, LLC v. Hualapai Tribe*, 78 USPQ2d 1696, 1697 (TTAB 2006), cited in *Univ. of Ky. v. 40-0, LLC*, 2021 USPQ2d 253, at *17 (TTAB 2021), the Board explained in the context of a nonuse claim that "as long as the mark was used on some of the identified goods or services as of the filing of the application, the application is not void in its entirety."

Consideration of the pertinent case law makes clear that if a lack of bona fide intent is found as to some but not all of the goods or services, the former would be subject to deletion from the application, but absent proof of fraud, the application, or relevant class, would not be considered void in its entirety. *Syndicat Des Proprietaires Viticulteurs De Chateauneuf-Du-Pape*, 107 USPQ2d at 1943 (citing *Wet Seal*, 82 USPQ2d at 1633).

### f. Parties' Arguments

In support of its arguments that Applicant lacked the required bona fide intent to use its mark in commerce in connection with the identified goods and services as of the application filing date, Opposer submits a declaration from its counsel, Victoria E. Ellis,[17] and the discovery deposition transcripts of Applicant's members, Thomas J. Byrne[18] and Martha Huestis.[19]

---

[17] *Id*. at 13-14.

[18] *Id*. at 27-48. Mr. Byrne also served as Applicant's Fed. R. Civ. P. 30(b)(6) designee.

[19] *Id*. at 50-57.

Opposer points to the Byrne deposition noting that, in answering Opposer's questions regarding use of the mark, Mr. Byrne disclosed that:

- "a lot of that stuff we weren't even going to do anyway. But if it had taken off, or if it does take off, then we could do it";[20] and

- "If it takes off and they were going to sell, sure…. Most of them [sic] things I can't picture ever selling, like wallets and stuff like that. That's -- I just don't picture it happening."[21]

In response, Applicant argues that it is a small business that has developed a number of marks intended to be used on a wide range of consumer goods, "such as those listed in the Application"; and that its brand development strategy is to identify a brand, file "an intent to use application reciting the goods Applicant intends to use the mark on, and then start[] the process of bringing the goods to market."[22] In support of its arguments, Applicant submits a declaration from Mr. Byrne.[23]

We note that many of the statements upon which Opposer relies are qualified and, when read in their entirety, reveal that Applicant's plans to expand were contingent on whether the business was a success.[24] For example, the Byrne deposition includes the following statements:

---

[20] *Id.* at 35.

[21] *Id.* at 44-45.

[22] 21 TTABVUE 2-3

[23] *Id.* at 13-15.

[24] We do not mean to suggest that an applicant that files an application on an assertion of its bona fide intent to use a mark for a wide variety of goods, following receipt of a notice of allowance, can file proof of use on only some goods to obtain a registration for all goods. An allegation of use, when filed, which asserts use on all the goods must be based on use for all the goods. When a mark has been used for only some goods identified in the application, then the allegation of use must be appropriately limited and the goods for which no use has been made as of the filing of the allegation of use will be deleted unless a request has been filed to

- "But if it had taken off, or if it does take off, then we could do it";[25]

- "If it takes off and they were going to sell, sure";[26] and

- "But I'm not going to rule it out if it was going to take off. I'm not going to say well, I'll never do that."[27]

In the Byrne declaration submitted by Applicant in opposition to Opposer's motion, Mr. Byrne avers that these sentiments conform to Applicant's general business plan of "identify[ing] an appealing brand," "filing an intent to use application reciting the goods [it] intend[s] to use the mark on," "start[ing] the process of bringing the goods to market … by offering a limited line of goods through [its] online store, sending goods to a set of third-party distributors, and engaging in somewhat limited print and online advertising," and "then continu[ing] to use the brand on an expanding range of goods as the popularity of the mark grew," such as that which occurred with another of Applicant's marks.[28] In fact, Opposer's counsel acknowledges that "Applicant has … produced images showing use of Applicant's Mark on the following goods: hooded sweatshirts, t-shirts, canvas tote bags, hats, and mugs."[29]

---

divide out the goods that are not yet in use. *See Herbaceuticals, Inc. v. Xel Herbaceuticals, Inc.*, 86 USPQ2d 1572, 1576 (TTAB 2008).

[25] 20 TTABVUE 35.

[26] *Id.* at 44.

[27] *Id.* at 45.

[28] 21 TTABVUE 13-14.

[29] 20 TTABVUE 14.

**g. Decision**

Although the record does not show that Applicant took concrete steps to launch all the goods and services in its application, it does not necessarily indicate the absence of a genuine dispute of material fact that Applicant lacked a bona fide intent to use its mark in commerce in connection with the identified goods and services as of the application filing date. *See Wet Seal*, 82 USPQ2d at 1643. The evidence of record, and in particular the Byrne declaration, show Applicant has the capacity to market goods and services such as those listed in its application.[30] *See id*.

On this record, Applicant has shown that a genuine dispute of material fact exists with respect to, at a minimum, the issue of whether it lacked a bona fide intent to use its mark on any particular goods and services in each class identified in the application as of the application filing date. In view thereof, the motion for partial summary judgment is **denied**.[31]

---

[30] 21 TTABVUE 14 ("We also, for example, have a similar line of products under the THE CAT HOUSE brand, which features a number of artistic and funny designs largely used, at this time, on beverage ware, clothing and bags, but which is also targeted for expansion onto other goods.").

[31] The fact that we have identified in this order material facts that are genuinely in dispute should not be construed as a finding that these are necessarily the only issues that remain for trial. The parties are reminded that evidence submitted in support of or in opposition to a motion for summary judgment is of record only for consideration of that motion. To be considered at final hearing, any such evidence must be properly introduced during the appropriate trial period. *See, e.g.*, *Spanishtown Enters.*, 2020 USPQ2d 11388, at *5 n.12; TBMP § 528.05(a).

## IV.    Schedule

Proceedings are resumed. Applicant is allowed until **thirty days** from the date of this order in which to file its answer to the second amended notice of opposition. In view of our order, dates are reset as follows:

| | |
|---|---|
| Discovery Closes | January 12, 2022 |
| Plaintiff's Pretrial Disclosures Due | February 26, 2022 |
| Plaintiff's 30-day Trial Period Ends | April 12, 2022 |
| Defendant's Pretrial Disclosures Due | April 27, 2022 |
| Defendant's 30-day Trial Period Ends | June 11, 2022 |
| Plaintiff's Rebuttal Disclosures Due | June 26, 2022 |
| Plaintiff's 15-day Rebuttal Period Ends | July 26, 2022 |
| BRIEFS SHALL BE DUE AS FOLLOWS: | |
| Plaintiff's Main Brief Due | September 24, 2022 |
| Defendant's Main Brief Due | October 24, 2022 |
| Plaintiff's Reply Brief Due | November 8, 2022 |

## V.    General Information

Generally, the Federal Rules of Evidence apply to Board trials. Trial testimony is taken and introduced out of the presence of the Board during the assigned testimony periods. The parties may stipulate to a wide variety of matters, and many requirements relevant to the trial phase of Board proceedings are set forth in Trademark Rules 2.121 through 2.125, 37 C.F.R. §§ 2.121-2.125. These include pretrial disclosures, the manner and timing of taking testimony, matters in evidence, and the procedures for submitting and serving testimony and other evidence, including affidavits, declarations, deposition transcripts and stipulated evidence. Trial briefs shall be submitted in accordance with Trademark Rules 2.128(a) and (b), 37 C.F.R. §§ 2.128(a) and (b). Oral argument at final hearing will be scheduled only

upon the timely submission of a separate notice as allowed by Trademark Rule 2.129(a), 37 C.F.R. § 2.129(a).